JOHN L. BAKER *vs.* GEORGE H. WARREN & another.

The delivery to the debtor by the receiptor of a chattel attached discharges the attachment, although the debtor stipulates to redeliver the chattel on demand, and there is evidence that the receiptor has " a daily supervision" of the chattel.

REPLEVIN of a horse. At the trial in the court of common pleas, it was in evidence that the plaintiff, as deputy sheriff, had attached the horse as the property of William W. Lamb on a writ in favor of one Knights, and delivered him to James M. Bancroft, taking a written receipt by which Bancroft promised to keep him safely, and deliver him to Baker on demand; that Bancroft delivered the horse to Lamb " to use for his keeping, and to redeliver whenever Bancroft should call for him to deliver to the plaintiff;" and that Lamb, under an agreement for an exchange of horses, delivered him to the defendants, who had refused to give him up. The plaintiff offered to show " that the places of business of Lamb and Bancroft were near together, and that Bancroft had a daily supervision of said horse." But *Mellen*, C. J. rejected the evidence, and instructed the jury that, upon the facts proved, the plaintiff could not maintain this action. The plaintiff submitted to a verdict, and alleged exceptions.

*W. A. Williams*, for the plaintiff. The delivery of the horse by the receiptor to the debtor was not such an unconditional delivery as to discharge the lien which the officer had acquired by the attachment; and the evidence that Bancroft had a daily supervision of the horse should have been admitted, as tending to show that the receiptor had no intention, and did no act, to

discharge the officer's lien. *Baldwin* v. *Jackson*, 12 Mass. 131
*Train* v. *Wellington*, 12 Mass. 495. The officer, having the
special property in the horse, may maintain replevin therefor.

*F. H. Dewey*, for the defendants, cited *Denny* v. *Willard*,
11 Pick. 519; *Robinson* v. *Mansfield*, 13 Pick. 142; *Butterfield*
v. *Clemence*, 10 Cush. 269.

SHAW, C. J. The delivery of the attached property to a
receiptor, and by him to the debtor, legally operated as a dis-
charge of the attachment, and the termination of the attaching
officer's special property in the horse. The testimony offered by
the plaintiff had no tendency to qualify the possession of the
horse by the debtor, and was rightly rejected.

*Exceptions overruled*